```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| SCHIMENTI CONSTRUCTION COMPANY, LLC, | CIVIL ACTION NO. 07-5175 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. |  |
| BROWNMILL, LLC, |  |
| Defendant. |  |

**THE COURT** ordering the plaintiff, Schimenti Construction Company, LLC ("SCLLC"), to show cause why the complaint should not be dismissed, without prejudice to recommence the action in state court, for lack of jurisdiction under 28 U.S.C. § ("Section") 1332 (dkt. entry no. 4, Order to Show Cause ("OTSC")); and the Court examining jurisdiction sua sponte in this action brought (1) on October 26, 2007, (2) against the defendant, Brownmill, LLC ("BLLC"), and (3) to recover damages for breach of contract (dkt. entry no. 1, Compl.), see Fed.R.Civ.P. 12(h)(3) (stating court to dismiss complaint if jurisdiction is lacking); and SCLLC (1) asserting jurisdiction under Section 1332 (Compl., at 1), and (2) bearing the burden of demonstrating jurisdiction, see Davis v. Union Pac. R.R. Co., 224 Fed.Appx. 190, 191 (3d Cir. 2007); and

**IT APPEARING** that both SCLLC and BLLC are limited liability companies (Compl., at 2); and it appearing that limited liability companies are (1) unincorporated associations, and (2) deemed

citizens of each state in which their members are citizens, not the states in which they were formed or have their principal places of business, Carden v. Arkoma Assocs., 494 U.S. 185, 195-97 (1990); and it appearing also that each membership layer of a limited liability company must be analyzed to determine its citizenship, Belleville Catering Co. v. Champaign Mkt. Place, 350 F.3d 691, 693 (7th Cir. 2003) (concerning member that was itself a limited liability company); and it appearing that SCLLC had failed to properly allege the citizenship of either itself or BLLC (see Compl., at 2 (merely alleging states in which parties formed and located)); and

**THE COURT**, due to SCLLC's deficient allegations, being unable to determine if SCLLC is deemed a "citizen[] of [a] different State[]" in relation to BLLC, 28 U.S.C. § 1332(a)(1); and it appearing that a jurisdictional challenge is measured "against the state of facts that existed at the time of filing — whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal", Grupo Dataflux v. Atlas Global Group, 541 U.S. 567, 571 (2004); and the Court thus advising the plaintiff of the intention to dismiss the complaint for lack of jurisdiction unless SCLLC properly (1) analyzed each of its own membership layers, and alleged its own citizenship, on October 26, 2007, with supporting documentation, (2) analyzed each of BLLC's membership layers, and alleged BLLC's citizenship,

on October 26, 2007, with supporting documentation, and (3) demonstrated that jurisdiction under Section 1332 existed on October 26, 2007 (OTSC, at 2-3); and

    **THE COURT** reminding SCLLC that it had a duty to ascertain jurisdiction before choosing to bring an action in federal court, even if the entire membership of a limited liability company is not available on a public database (id. at 3); and the Court specifically advising SCLLC that if it wished to proceed in federal court, then it was required to refrain from asserting confidentiality for any membership layer of SCLLC, see Belleville, 350 F.3d at 693 (stating "[i]t is not possible to litigate under the diversity jurisdiction with details kept confidential from the judiciary"), Emerald Investors Trust v. Gaunt Parsippany Partners, 492 F.3d 192, 207 n.22 (3d Cir. 2007) (rejecting, in jurisdictional analysis, partnership's "attempts to keep the identity of its limited partners confidential insofar as possible", as "the district court must know who they are and where they are citizens and its need for that information will trump [that partnership's] policies"); and the Court advising SCLLC that a request for time to discern jurisdiction would result in the dismissal of the complaint (OTSC, at 4); and the Court advising SCLLC that allegations as to where a member has a place of business — as opposed to is a citizen — "[will] not properly invoke this Court's jurisdiction when premised upon

3

diversity of citizenship", Forman v. BRI Corp., 532 F.Supp. 49, 51 (E.D. Pa. 1982), see Guerrino v. Ohio Cas. Ins. Co., 423 F.2d 419, 421 (3d Cir. 1970); but the Court advising SCLLC that a dismissal would be without prejudice to recommence the action in state court, as the limitations period for the cause of action is tolled by the filing of the federal complaint, see Jaworowski v. Ciasulli, 490 F.3d 331, 333-36 (3d Cir. 2007), Galligan v. Westfield Ctr. Serv., 82 N.J. 188, 191-95 (1980) (OTSC, at 4); and

    **SCLLC** asserting in response — without more — that (1) its members are Connecticut citizens, and (2) "[e]ach individual and/or entity identified as a member of [SCLLC] is a citizen of a state other than the State of New Jersey" (dkt. entry no. 5, SCLLC Resp., at 2, & Aff. of Matthew Schimenti, at 2); and SCLLC failing to specifically list — and provide supporting documentation concerning the citizenship of — each member for the Court's review; and thus SCLLC failing to demonstrate its own citizenship; and

    **SCLLC** — without more — (1) listing the business address — as opposed to the required home address on October 26, 2007 — of one BLLC member, and (2) asserting that "[w]ithout discovery or an Order of this Court, it is nearly impossible for this Plaintiff, or any plaintiff, to ascertain the identity and citizenship of the members of a privately owned limited liability company like

4

[BLLC]. Such information is not reported by the New Jersey Secretary of State and is maintained by [BLLC], who is under no Order or obligation to furnish the Plaintiff with such information" (SCLLC Resp., at 2); and

**IT APPEARING THAT SCLLC** has instituted an action in federal court, rather than in state court, without knowing whether jurisdiction existed, see Techstar Inv. Partn. v. Lawson, No. 94-6279, 1995 WL 739701, at *4 (E.D. Pa. Dec. 8, 1995) (stating unsupported Section-1332-jurisdiction allegation may violate Federal Rule of Civil Procedure ("Rule") 11), see also Cohen v. Kurtzman, 45 F.Supp.2d 423, 436-38 (D.N.J. 1999) (granting motion under Rule 11 for unsupported jurisdiction allegation), Hussey Copper v. Oxford Fin. Group, 121 F.R.D. 252, 253-54 (W.D. Pa. 1987) (same); and

**THE COURT** thus intending to (1) grant the order to show cause, and (2) dismiss the complaint without prejudice to recommence the action in state court; and for good cause appearing, the Court will issue an appropriate order and judgment.

                                              s/ Mary L. Cooper
                                              **MARY L. COOPER**
                                              United States District Judge

**Dated:**     April 14, 2008